UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LEICHENAUER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 05-1047 |
| TAZEWELL COUNTY, ILLINOIS, et al., | ) |
| Defendants. | ) |

# O R D E R

Before the Court are four motions to dismiss filed by various sets of defendants to this litigation. For the reasons set forth below, Defendants Tazewell County, Peters and Umholtz's Motion to Dismiss [#62] is GRANTED; Defendant Joel Brown's Motion to Dismiss [#64] is GRANTED; Defendants' Bridgeway, Inc., Carol Snyder, and Patti Askins Motion to Dismiss [#71] is GRANTED; and Defendants Lori Larimore, Kevin Krueger, Sharon Stewart, Kim Fengle, and Deb Nelson's Motion to Dismiss [#76] is GRANTED.

## STANDARD OF REVIEW

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the non-moving party. *Bontkowski v. First Nat'l Bank of Cicero,* 998 F.2d 459, 461 (7th Cir. 1993). In ruling on a motion to dismiss, Courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the complaint. *Conley v. Gibson,* 355 U.S. 41, 45–46

(1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiff to relief. *Chaney v. Suburban Bus. Div.*, 52 F.3d 623, 627 (7th Cir. 1995); *Venture Associates. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993).

## BACKGROUND

Plaintiff Jennifer Leichenauer is the natural mother of three minor children, Abagail L. Leichenauer, Jordanna E. Leichenauer, and Faith Leichenauer. Plaintiff William Bailey is the natural father of Jordanna Leichenauer. Plaintiffs have filed this lawsuit alleging that Plaintiffs have been "victimized by the Defendants actions from the unlawful juvenile court policies of the County of Tazewell, Illinois and the employees of the DCFS Pekin, Illinois, Field office and the P.O.S. (purchase of service) contractors of DCFS." (Plaintiff's Amended Complaint (the "Complaint"), Oct. 12, 2005, at 4.) Plaintiffs' make numerous allegations against a variety of Defendants. The Defendants include (1) Tazewell County; (2) State's Attorney Stuart James Umholtz; (3) Assistant State's Attorney Anna Peters; (4) Public Defender Joel Brown; (5) Illinois Department of Child and Family Services employees Lori Larimore, Kevin Krueger, Sharon Stewart, Kim Fengel, and Deb Nelson; (6) Bridgeway, which Plaintiffs alleges is a contracting entity for family social services to the State of Illinois; (7) Bridgeway employees Carol Snyder, Linda Bridgemon, and Patti Askins; and (8) Cheryl Penman, who had been a foster parent to Jordanna Leinchenauer.

In summary, Plaintiffs' Jennifer Leichenauer and William Bailey allege that they were falsely accused of child neglect when the State filed a shelter care petition regarding their children in state court. Although the record is not perfectly clear, it appears that Plaintiffs are currently involved in an on-going juvenile court proceeding in Tazewell County, Illinois

with respect to the custody of their minor children. Plaintiffs have filed this action in federal court alleging that Defendants violated their civil rights when they initiated and persisted with state court juvenile proceedings against them. Plaintiffs further allege that Defendants have conspired to delay proceedings in state court so as to cause Plaintiffs emotional distress. Plaintiffs seek over $15 million dollars in damages as a result of Defendants actions.

Plaintiffs' Complaint makes numerous allegations regarding Defendants actions in investigating allegations of abuse and neglect by the Plaintiffs, treatment of the children while they were in the custody of the Illinois Department of Child and Family Services ("IDCFS"), and Defendants' treatment of Plaintiffs throughout the state court litigation. To summarize, two of Plaintiffs' children, Abagail and Faith, currently remain in the temporary custody of IDCFS. The remaining child, Jordanna, had previously been removed from the home by IDCFS and placed in foster care. Jordanna was returned to the custody of her father, William Bailer, in the spring of 2005. Plaintiffs initially filed their Complaint pro se on behalf of themselves and their three minor children. Due to the allegations involved, the Court appointed a Guardian ad Litem Attorney ("GAL") for the three minor children and directed the GAL to investigate any potential civil rights claims that could be asserted on behalf of the children. The GAL conducted an investigation and filed a report with the Court. Acting on behalf of the children and as a result of her investigation, the GAL filed a motion to dismiss the claims of all three of the minor children. This Court granted that motion on November 4, 2005. Therefore, despite the fact that Plaintiffs' Complaint states that the Complaint is being brought on behalf of the parents and the three minor children, the three minor children no longer have any claims pending in this Court.

Plaintiffs' Complaint states numerous causes of action which can be broken down into two groups: claims based on federal law and claims based on state law. In their federal law claims, Plaintiffs allege that Defendants, as a group, deprived Plaintiffs of their parental rights without due process of law, interfered with their rights as secured by the federal constitution, and violated civil RICO statutes by engaging in a conspiracy for the purpose of receiving income from future mandatory social service programs that Plaintiffs were forced to undergo based on the allegations of abuse and neglect. Additionally, Plaintiffs allege that Defendants Umholtz, Peters, and Brown violated 42 U.S.C. § 1983 when they sought and obtained a shelter care petition without sufficient evidence to believe that the children were in danger and violated 42 U.S.C. § 1985 when they intentionally conspired to remove the Plaintiffs minor children from their care without sufficient evidence.

Plaintiffs' state law allegations include (1) negligence alleging that Defendants had a duty to act in accordance with the standards of their profession and failed to do so; (2) negligent infliction of emotional distress; (3) intentional infliction of emotional distress; (4) defamation; (5) alienation of affection; and (6) malicious abuse of process.

## DISCUSSION

At the outset, the Court notes that Plaintiffs initially filed a Complaint that bordered on incomprehensible. Recognizing that Plaintiffs were proceeding pro se and that Plaintiffs' Complaint made numerous allegations on behalf of the minor children, the Court held a lengthy in-person hearing with the parties. At the hearing, the Court appointed the GAL to represent the minor children and advised Plaintiffs that they could not bring claims on behalf of their minor children because they were not represented by counsel. The Court also took this opportunity to "walk through" Plaintiffs' Complaint with them in an effort to

help them understand the requirements for filing a Complaint in federal court. The Court then gave Plaintiffs leave to amend their Complaint. Plaintiffs did so and filed the Complaint that is the subject of these Motions to Dismiss. Plaintiffs' Amended Complaint, although certainly more coherent than the first, is 43 single spaced pages wherein Plaintiffs, in primarily narrative fashion, attempt to state their claims against Defendants. The Court has made every effort to ascertain all of Plaintiffs' claims. As the issues have now been fully briefed, this Order follows. Plaintiffs' causes of action can be broken down into two types; claims based on federal law and claims based on state law.[1]

**1.      Plaintiffs' federal law claims**

As best as the Court can determine, Plaintiffs' federal claims are that (1)Defendants as a group interfered with Plaintiffs' parental rights, (2) Defendants Brown, Peters, and Umholtz violated 42 U.S.C. § 1983 because they did not have sufficient evidence to obtain a shelter care petition regarding Plaintiffs' minor children, (3) Defendants Brown, Peters, and Umholtz conspired to remove the minor children from Plaintiffs and conspired to intimidate Plaintiffs into thinking that they would never see their children again, (4) Defendants, as a group, violated Plaintiffs' federal and state civil rights when they acted under state law and unlawfully removed, detained, tortured, and abused the minor children, and (5) Defendants, as a group, violated the civil RICO statute.

---

[1] Plaintiffs' Complaint seeks to hold each Defendant liable both in their individual and their official capacities. To the extent that Plaintiffs seek to hold each Defendant liable in their official capacities, Plaintiffs' claims are barred by the Eleventh Amendment. *See Brokaw v. Mercer County,* 235 F.3d 1000, 1009 (7th Cir. 2000) (citing *Gossmeyer v. McDonald,* 128 F.3d 481, 487 (7th Cir. 1997)).

### A.  Interference with parental rights

Plaintiffs allege that Defendants interfered with their parental rights when they denied them visitation with their children and denied them legal custody of their minor children without adequate due process.  Defendants urge this Court to dismiss this claim due to a lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine.  *See generally, District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

The *Rooker-Feldman* doctrine recognizes that this Court lacks subject matter jurisdiction to conduct direct review of state court decisions.  *Lewis v. Anderson,* 308 F.3d 768, 772 (7th Cir. 2002).  Furthermore, the *Rooker-Feldman* principle extends to claims that are "inextricably intertwined with the state-court judgment [such that] the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."  *Id.* (quoting *Penzoil Co. V. Texaco, Inc.,* 481 U.S. 1, 25 (1987) (Marshall J., concurring).  The effect of this doctrine is to make it clear that "no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment."  *Remer v. Burlington Area School Dist.*, 205 F.3d 990, 996 (7th Cir. 2000).

Defendants argue that Plaintiffs' claim that they interfered with their parental rights is barred by the *Rooker-Feldman* doctrine.  Plaintiffs' allege that they were denied due process because their children were removed from their custody and Plaintiffs were denied visitation with their minor children. The Seventh Circuit has limited the *Rooker-Feldman* doctrine in certain situations.  *See Brokaw v. Weaver,* 305 F.3d 660 (7th Cir. 2002) (holding "[w]hile the *Rooker-Feldman* doctrine bars federal subject matter jurisdiction over issues

raised in state court, and those inextricably intertwined with such issues, 'an issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not have a reasonable opportunity to raise the issue in state court proceedings.'"). That is not the situation in the instant case. Plaintiffs in the instant case have not alleged any facts that would lead this Court to believe that they were denied the opportunity to present their allegations, claims, and concerns regarding Defendants' behavior to the state court. In fact, in Plaintiffs' Reply Response to Defendants Krueger, Larimore, Fengel, Stewart, and Nelson's Motion to Dismiss, Plaintiffs acknowledge that the state court proceedings were proceedings brought under the Illinois Juvenile Court Act of 1987. *See* 705 ILCS 405. In the section of the Act entitled Rights of parties to proceedings, the Illinois legislature specifically allows parents such as Plaintiffs "to be present, to be heard, to present evidence material to the proceedings, to cross-examine witnesses, to examine pertinent court files . . . and to be represented by counsel." 705 ILCS 405/1-5. Moreover, a review of the Act as a whole indicates that Plaintiffs should have been afforded the opportunity to be heard and to controvert evidence throughout the court proceedings in which their rights and the rights of their children were adjudicated. Accordingly, if Plaintiffs were denied those rights, an issue which this Court does not address, then the proper recourse for Plaintiffs is to file an appeal with the Illinois Appellate Court. To the extent that the state court's decisions constitute a final judgment, *Rooker-Feldman* prevents this Court from having jurisdiction to hear Plaintiffs' allegations that Defendants interfered with their parental rights.

Moreover, to the extent that the state court judgment is not yet final, which may well be the situation considering the fact that two of the minor children remain in foster care and

Plaintiffs' parental rights have not yet been terminated, this Court finds that the appropriate action is to abstain based on the holding in *Younger v. Harris.* 401 U.S. 37 (1971). *Younger* held that absent extraordinary circumstances, a federal court should not enjoin a pending state criminal proceeding. *Id.* at 53–54. This principle has been extended to civil proceedings when important state interests are involved. *Ohio Civil Rights Commission v. Dayton Christian School, Inc.*, 477 U.S. 619, 628 (1986). Similar to criminal proceedings, in child welfare proceedings, the state has an independent interest in the welfare of the children and "in a practical sense, the State is a party to the proceedings in a fashion analogous to its role in a standard criminal proceeding." *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986). *Younger* abstention presupposes that the state court is an adequate forum to address Plaintiffs allegations. In this case, a thorough reading of the Illinois Juvenile Court Act indicates that the state court provides parents, such as Plaintiffs, with an opportunity to present evidence, cross-examine witnesses, and to challenge the evidence presented by state officials. Accordingly, the state court is a proper venue for Plaintiffs' claims and therefore, to the extent that Plaintiffs' state court case is still pending, this Court must abstain from hearing Plaintiffs' allegations and Plaintiffs' claim that Defendants interfered with their parental rights is dismissed for lack of jurisdiction.

**B.     Plaintiffs claims arising under 42 U.S.C. § 1983 and § 1985**

Plaintiffs claim that Defendants Brown, Peters, and Umholtz violated 42 U.S.C. § 1983 and 42 U.S.C. § 1985 because they did not have sufficient evidence to obtain a shelter care petition regarding Plaintiffs' minor children and they intentionally conspired to remove the Plaintiffs minor children without sufficient evidence. Specifically, Plaintiffs argue:

> Defendants did not have a reason to believe the Plaintiffs minors were in danger of life or limb, nor did these Defendants have any other legal reason or sufficient evidence or jurisdiction to seek and obtain a shelter care petition regarding the Plaintiffs minor children.

(Plaintiffs' Amended Complaint, at 31.)  Plaintiffs further allege that they were intimidated by Defendants' conduct and put in "continuous anxiety that they would never see their children again." *Id.*  Similar to Plaintiffs' claims that Defendants interfered with their parental rights, Plaintiffs' allegations that Defendants did not have sufficient evidence to seek and obtain a shelter care petition for the minor children are barred by *Younger* abstention[2] and therefore this Court lacks jurisdiction to hear these claims.

Moreover, if Plaintiffs' statements that Defendants threatened, intimidated, and coerced them into not enforcing their civil rights were true, this would normally be a cause for concern for the Court.  However, a review of Plaintiffs' Complaint demonstrates that Plaintiffs have aggressively and vehemently pursued both their civil rights and the rights of their children.  Plaintiffs have included facts in their Complaint to show that Plaintiffs appeared in state court on numerous occasions, wrote letters to various Defendants, personally attempted to bring their concerns to the attention of the State's Attorney, and even called the police regarding Defendants' conduct.  Plaintiffs also brought and have zealously pursued the present litigation in federal court.  Accordingly, it is clear from the plain allegations of the Complaint that Plaintiffs were not threatened or intimidated into not

---

[2] It is the Court's belief based on statements made in Court as recently as September, 2005, that the state court proceedings in this case are still on-going.  Accordingly, *Younger* abstention would apply to those claims that are still pending in state court.  With respect to claims that have already been adjudged, *Rooker-Feldman* bars this Court from having jurisdiction because Plaintiffs have had an opportunity to present their claims in state court and Plaintiffs are essentially asking this Court to review the basis of the state court decisions.

pursuing their civil rights, and they have pled themselves out of court on this claim. See *Business Systems Engineering, Inc. v. International Business Machines Corp.,* No. 04-C-8254, 2005 WL 1766374, at *1 (N.D. Ill. July 20, 2005) (noting that a plaintiff who pleads facts that undermine the allegations in his complaint can plead himself out of court). Therefore, Plaintiffs' have failed to state a claim upon which relief can be granted with respect to their allegations that they were intimidated into not pursuing their civil rights.

Finally, pursuant to 42 U.S.C. § 1985, Plaintiffs allege that Defendants Peters, Brown, and Umholtz intentionally conspired to remove Plaintiffs' children from their control without sufficient evidence. As this Court finds that the state court is the appropriate venue to hear this claim and finds that Plaintiffs had numerous opportunities to bring these allegations in the state court juvenile proceedings, this Court lacks jurisdiction to hear this claim as it is barred by *Younger* abstention.

### C. Defendants, as a group, violated Plaintiffs' federal and state civil rights when they acted under state law and unlawfully removed, detained, tortured, and abused the minor children

Defendants fourth federal claim is a claim that Defendants violated their civil rights when they unlawfully removed, detained, tortured, and abused the minor children. This claim is duplicative of Plaintiffs' claim that Defendants interfered with their parental rights. To the extent that this claim is different because it alleges that Defendants tortured and detained the children unlawfully, Plaintiffs lack standing to bring this claim. Plaintiffs are proceeding pro se in this matter and therefore cannot bring any claims on behalf of their minor children. *See Navin v. Park Ridge School Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001). To ensure that the claims of the minor children were preserved, this Court

appointed a Guardian ad Litem to represent the children. The Guardian ad Litem, after conducting a thorough investigation, determined that the children did not have any cognizable claims and therefore all of the claims that were brought on behalf of the minor children were dismissed by this Court in an Order dated in an order dated November 4, 2005. Accordingly, this claim is dismissed for lack of jurisdiction.

### D. Civil RICO

Plaintiffs' final federal claim is that Defendants engaged in a civil conspiracy to deprive them of relationships with their children without due process and that Defendants intentionally conspired to unlawfully cause Plaintiffs to attend social service programs in Tazewell County to precipitate the growth of the child neglect and abuse industry in Tazewell County. The Civil RICO statute, 18 U.S.C. § 1964(c), provides that "[a]ny person injured in his business or property by reasons of a violation of section 1962 of this chapter may sue . . . in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit." 18 U.S.C. § 1964. "The phrase 'injured in business or property' has been interpreted as a standing requirement – rather than an element of the cause of action – which must be satisfied in order to prevail on a RICO claim. *Evans v. City of Chicago*, No. 03-3844, 2006 WL 29209, at *5 (7th Cir., Jan. 6, 2006). Accordingly, Plaintiffs must allege that they incurred injury to their business or property prior to being able to state a claim under the civil RICO statute.

The Seventh Circuit has held that the "terms 'business or property' are, of course words of limitation which preclude recovery for personal injuries and the pecuniary losses incurred therefrom." *Id.* at * 6. In the civil RICO context, "personal injuries which may result in pecuniary losses but are nonetheless insufficient to provide standing under §

1964(c) have been found to include injury to mental health or emotional distress." *Id.* In the instant case, Plaintiffs have not suffered an injury to their business or property. Plaintiffs' claims, like their other federal claims, are based on the fact that they disagree with the state court's decision to remove their children from their home and the state court's determination that they should attend various counseling sessions. Plaintiffs have not alleged sufficient facts to establish that they have suffered from injury to their business or property and therefore do not have standing to bring a claim under the civil RICO statute. As Plaintiffs do not have standing to bring a claim based on the civil RICO statute, this Court lacks jurisdiction and this claim is dismissed.

 2. **Plaintiffs' State Law Claims**

Plaintiffs remaining claims are all claims arising under state law. As all of Plaintiffs' federal law claims are dismissed for lack of jurisdiction, this Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c). Accordingly, Plaintiffs state law claims are dismissed without prejudice to bringing these claims in state court.

## CONCLUSION

For the reasons set forth above, Plaintiffs federal law claims are dismissed for lack of jurisdiction. Additionally, Plaintiffs state law claims are dismissed without prejudice to bringing these claims in state court. Accordingly, Defendants Tazewell County, Peters and Umholtz's Motion to Dismiss [#62] is GRANTED; Defendant Joel Brown's Motion to Dismiss [#64] is GRANTED; Defendants' Bridgeway, Inc., Carol Snyder, and Patti Askins Motion to Dismiss [#71] is GRANTED; and Defendants Lori Larimore, Kevin Krueger, Sharon

Stewart, Kim Fengle, and Deb Nelson's Motion to Dismiss [#76] is GRANTED.

ENTERED this 15th day of February, 2006.

s/Michael M. Mihm<br>Michael M. Mihm<br>United States District Judge